UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRENE DIXON, On Behalf of Herself and All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>COST PLUS, INC., JOSEPH H. COULOMBE, CLIFFORD J. EINSTEIN, BARRY J. FELD, MARK R. GENENDER, DANNY W. GURR, JOHN C. POUND, KIM D. ROBBINS, FREDRIC M. ROBERTS, KENNETH T. STEVENS, BED BATH & BEYOND INC., and BLUE CORAL ACQUISITION CORP.,<br><br>Defendants. | CASE NO. 5:12-CV-02721-LHK<br><br>**CLASS ACTION**<br><br>[PROPOSED] SCHEDULING ORDER<br><br>Hon: Lucy H. Koh<br>Date action filed: May 25, 2012<br><br>**AS MODIFIED** |

# [PROPOSED] SCHEDULING ORDER

Before the Court is the Parties' unopposed Joint Motion for Preliminary Approval of the Stipulation of Settlement dated February 11, 2013 ("Stipulation"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.  *See* Mot. for Prelim. Approval, ECF No. 90.  The Stipulation is incorporated herein by reference and, together with the accompanying documents and the Memorandum of Understanding (the "MOU") executed by the Parties on July 5, 2012, sets forth the terms and conditions for the Settlement and for a judgment dismissing Plaintiffs' claims with prejudice upon the terms and conditions set forth therein.  The Parties request entry of an Order: "(i) preliminarily approving the Settlement set forth in the Stipulation; (ii) certifying the Class; (iii) authorizing the form and manner of notice to be sent to the Class;" and "(iv) scheduling a hearing to consider final approval of the Settlement."  Mot. for Prelim. Approval at 1.

Review of a proposed settlement generally consists of two stages.  First, a court may grant preliminary approval and direct notice to the class if the settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. 08-5198, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).  Second, a court conducts a fairness hearing to determine whether the proposed settlement is "fair, reasonable and adequate" pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 23(e)(2); *see Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (same), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

Having considered the submissions of the parties and the relevant law, and for good cause shown, the Court hereby GRANTS the Parties' Motion for Preliminary Approval of Settlement.

**IT IS HEREBY ORDERED** this 18th day of July, 2013, that:

A. <u>Settlement Class</u>

1. The Court conditionally grants the motion for the Federal Action to be maintained and proceed as a class action pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, without opt-out rights and for settlement purposes only, subject to final approval

after the final fairness hearing ("the Hearing"). Plaintiff Gary Ogurkiewicz ("Dr. Ogurkiewicz") shall conditionally represent the settlement class, and the class shall conditionally consist of any and all record and beneficial holders of Cost Plus stock, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, who held any such Cost Plus stock at any time between and including May 9, 2012, and June 29, 2012, but excluding the specifically named Defendants (the "Class").

### B. Final Approval Hearing

2.  The Hearing shall be held before the Honorable Lucy H. Koh, United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, California 95113, on December 5, 2013, at 1:30 p.m., to determine the fairness, reasonableness and adequacy of the settlement and for the purposes of determining: (a) whether the Court should unconditionally certify the case as a class action, without opt-out rights and for settlement purposes only, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of any and all record and beneficial holders of Cost Plus stock, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, who held any such Cost Plus stock at any time between and including May 9, 2012, and June 29, 2012, but excluding the specifically named Defendants; (b) whether Dr. Ogurkiewicz may be designated as class representative with the law firm of Pomerantz Grossman Hufford Dahlstrom & Gross LLP as Lead Counsel for the Class for the settlement of all claims in the Actions, including those claims brought under Section 14(e) of the Williams Act (15 U.S.C.A. §§ 78n, 78aa), and whether Dr. Ogurkiewicz and Pomerantz Grossman Hufford Dahlstrom & Gross LLP have adequately represented the interests of the Class; (c) whether the Court should approve the Settlement pursuant to the Stipulation; (d) whether the Court should enter the Judgment providing for the dismissal of the claims asserted in the Actions and the Released Claims

on the merits and with prejudice as against the named Plaintiffs and all members of the Class and releasing the Released Parties from the Released Claims and also providing for the dismissal of the Defendants' Released Claims on the merits and with prejudice as against Defendants and releasing Plaintiffs, Plaintiffs' Counsel, Dixon, Dixon's counsel, and every member of the Class from the Defendants' Released Claims; (e) whether the Court should grant the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses to be paid by Cost Plus or its successor-in-interest; (f) whether the Court should grant the application of an incentive award for Dr. Ogurkiewicz; and (g) such other matters as may properly come before the Court.  The Court may adjourn the Hearing (including consideration of the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and/or an incentive award for Dr. Ogurkiewicz) without further notice to the Class other than by announcement at the Hearing or any adjournment thereof.

C. **Notice**

3. The Court approves, in form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") substantially in the form attached as Exhibit C to the Stipulation, and finds that the mailing of the Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

4. Within ten (10) business days after the date of this Order, Cost Plus or its successor-in-interest shall cause a copy of the Notice to be mailed by first-class mail to each person who was shown on the stock records maintained by or on behalf of Cost Plus to be or to have been a record owner of any shares of Cost Plus common stock at any time between and including May 9, 2012, and June 29, 2012, at his, her, or its last known address appearing on the stock records maintained by or on behalf of Cost Plus.  All record holders who were not also the beneficial owners of the shares of Cost Plus' common stock held by them of record shall be requested to forward the Notice to the beneficial owners of those shares.  Cost Plus or its successor-in-interest shall use reasonable efforts to give notice to beneficial owners of Cost Plus' stock by making additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to

beneficial owners.

5.  No later than November 21, 2013, the Parties shall file any opening briefs in support of the Settlement, and Plaintiffs' Counsel shall file their application for an award of attorneys' fees and expenses and an incentive award for Dr. Ogurkiewicz, including any supporting affidavits.

6.  At or before the Hearing provided for in Paragraph 2 of this Order, Cost Plus or its successor-in-interest shall file proof, by affidavit, of such mailings provided for in Paragraph 4 of this Order.

### D.  Objections

7.  Any member of the Class who objects to the certification of the Class, the Settlement of Plaintiffs' claims in the Actions as set forth in the Stipulation, the Judgment to be entered in the Federal Action, and/or Plaintiffs' Counsel's application for fees and expenses and/or an incentive award for Dr. Ogurkiewicz, or otherwise wishes to be heard, may appear personally or by counsel at the Hearing and present evidence or argument that may be proper and relevant; provided, however, that no member of the Class may be heard and no papers or briefs submitted by or on behalf of any member of the Class shall be received and considered, except by Order of the Court for good cause shown, unless, no later than November 27, 2013, copies of (a) a written notice of intention to appear, identifying the name, address, and telephone number of the objector and, if represented, their counsel; (b) proof of membership in the Class; (c) a written detailed statement of such person's specific objections to any matter before the Court; (d) a written statement certifying that the objector is a member of the Class; (e) the grounds for such objections and any reasons for such person's desiring to appear and be heard; and (f) all documents and writings such person desires this Court to consider, shall be served electronically or by hand or overnight mail upon the following counsel:

>Gustavo F. Bruckner
>Pomerantz Grossman Hufford Dahlstrom & Gross LLP
>Attn: Cost Plus Settlement
>600 Third Avenue, 20th Floor
>New York, NY 10016
>
>Evan Smith
>Brodsky & Smith, LLC
>Attn: Cost Plus Settlement
>9595 Wilshire Boulevard
>Suite 900
>Beverly Hills, CA 90212
>
>Eric S. Waxman
>Skadden, Arps, Slate, Meagher & Flom LLP
>Attn: Cost Plus Settlement
>300 South Grand Avenue
>Suite 3400
>Los Angeles, CA 90071
>
>Michael Firestein
>Proskauer Rose LLP
>Attn: Cost Plus Settlement
>2049 Century Park East
>Los Angeles, CA 90067-3206

Mr. Bruckner or Mr. Smith shall immediately furnish all objections as they are received to Defendants' counsel and will file all objections with the Court no later than November 27, 2013. Unless the Court otherwise directs, no member of the Class shall be entitled to object to the Settlement, or to the judgment to be entered herein, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel and/or an incentive award for Dr. Ogurkiewicz, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in the Federal Action or in any other action or proceeding.

       8.    If the Court approves the Settlement provided for in the Stipulation following the Hearing, judgment shall be entered substantially in the form attached as Exhibit A to the Stipulation.

**E.**    **Further Matters**

       9.    The Stipulation and the Settlement are subject to and expressly conditioned upon: (a) the entry by the Court of the Judgment substantially in the form attached to the Stipulation as Exhibit A, (b) consummation of the Merger, and (c) Final Court Approval of the Settlement;

provided, however, that neither the Court's approval of the Settlement nor Final Court Approval of the Settlement is contingent on approval of the Fee Application or awarding the Fee Award. If the Court fails to approve the Settlement in accordance with the terms described in the Stipulation or the MOU, then any orders that may have been entered by any court in connection therewith shall be null and void and of no force and effect, unless counsel for each of the Parties to the Stipulation, within ten (10) business days from any such terminating event, agrees in writing with counsel for the other Parties to the Stipulation to proceed with the Stipulation and Settlement, including only with such modifications, if any, as to which all other Parties in their sole judgment and discretion may agree. In the event the Stipulation is terminated pursuant to its terms or by any Party, it shall not be deemed to prejudice in any way the position of any Party with respect to this litigation or any other litigation or proceeding. In such event, the Parties to the Stipulation shall be deemed to have reverted to their respective litigation status immediately prior to the execution of the MOU, and they shall proceed in all respects as if the MOU and the Stipulation had not been executed and any related orders had not been entered, and neither the existence of the Stipulation or the MOU nor their respective contents shall be admissible in evidence or shall be referred to for any purpose in this litigation or in any other litigation or proceeding.

10. The Court will retain jurisdiction over the Actions to consider all further applications arising out of or connected with the proposed Settlement.

11. Pending final determination of whether the Settlement should be approved, Plaintiffs and any member of the Class shall not institute, commence or prosecute any claims covered by the Settlement, including Released Claims or any claim by any member of the Class or any attorney for any member of the Class seeking a fee based on any supplemental disclosures made by Cost Plus other than in connection with the proceedings set forth in Paragraph 14 of the Stipulation. In addition, all discovery and other proceedings in the Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement embodied in the Stipulation, are hereby stayed and suspended until further order of this Court.

12. The following schedule is set:

1. Last day to mail the Notice by first-class mail:                    August 1, 2013

| | |
|---|---|
| 2. Last day for counsel to file papers in support of the Settlement, apply for attorneys' fees and expenses, and apply for an incentive award: | November 21, 2013 |
| 3. Last day for counsel to receive objections from class members and file the objections with the Court: | November 27, 2013 |
| 4. Final Approval Hearing: | December 5, 2013, at 1:30 p.m. |

**IT IS SO ORDERED.**

Dated:  July 18, 2013

*Lucy H. Koh*
The Honorable Lucy H. Koh
United States District Court