UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IRENE DIXON, On Behalf of Herself and All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>COST PLUS, INC., JOSEPH H. COULOMBE, CLIFFORD J. EINSTEIN, BARRY J. FELD, MARK R. GENENDER, DANNY W. GURR, JOHN C. POUND, KIM D. ROBBINS, FREDRIC M. ROBERTS, KENNETH T. STEVENS, BED BATH & BEYOND INC., and BLUE CORAL ACQUISITION CORP.,<br><br>Defendants. | CASE NO. 5:12-CV-02721-LHK<br><br>**CLASS ACTION**<br><br>**ORDER AND FINAL JUDGMENT**<br><br>Hon: Lucy H. Koh<br>Date action filed: May 25, 2012 |

# ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on December 5, 2013, pursuant to this Court's Order dated July 18, 2013 (the "Scheduling Order"), upon a Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation") filed in the above-captioned action (the "Federal Action"), which (along with the defined terms therein) is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order; the respective Parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement (the "Settlement") set forth in the Stipulation; the attorneys for the respective Parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Scheduling Order; the Court having determined that notice to the Class (as defined below) was adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court:

**IT IS ORDERED, ADJUDGED AND DECREED THIS 5TH DAY OF DECEMBER, 2013, AS FOLLOWS**:

1. In full compliance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, on August 1, 2013, Cost Plus, Inc. ("Cost Plus"), or its successor-in-interest, mailed the Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear (the "Notice") by first-class mail pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and full opportunity to be heard has been offered to all Parties, the Class and persons in interest.

2. Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Federal Action has been properly maintained according to the provisions of Rule 23(b) of the Federal Rules of Civil Procedure with respect to the claims asserted on behalf of the Class. Specifically, the Court finds that the Class satisfies the numerosity requirement of Rule 23(a)(1). As of June 29, 2012, the consummation date of the Merger, there were approximately 22,522,252 public shares of Cost Plus common stock issued and outstanding and held by the public

holders of record that comprise the Class.  There are questions of law and fact common to the Class, including whether the disclosures made by Cost Plus in connection with the Merger were adequate, whether the Individual Defendants breached their fiduciary duties to the members of the Class and whether the Plaintiffs in the Actions and the Class members were injured as a consequence of the Defendants' actions, satisfying Rule 23(a)(2).  The claims and defenses of the representative Party, Gary Ogurkiewicz ("Dr. Ogurkiewicz"),  are typical of the claims or defenses of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Rule 23(a)(3).  The representative Plaintiff, Dr. Ogurkiewicz, and his counsel, Pomerantz Grossman Hufford Dahlstrom & Gross LLP, are adequate representatives of the Class and are fairly and adequately protecting and representing the interests of the Class, satisfying Rule 23(a)(4).  The prosecution of separate actions by individual Class members would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for the Defendants, and, as a practical matter, the disposition of the Federal Action will influence the disposition of any pending or future identical cases brought by other members of the Class, satisfying Rule 23(b)(1); and there were allegations that Defendants acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).  In light of the foregoing, the Court expressly finds that certification of a non-opt out class for settlement purposes only is necessary and appropriate.

      3.     The Federal Action is certified as a class action, pursuant to Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure, without opt-out rights and for settlement purposes only, by Dr. Ogurkiewicz on behalf of a class consisting of any and all record and beneficial holders of Cost Plus stock, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, who held any such Cost Plus stock at any time between and including May 9, 2012, and June 29, 2012, but excluding the specifically named Defendants (the "Class").  Pomerantz Grossman Hufford Dahlstrom & Gross LLP is hereby appointed as Lead Counsel for

the prosecution and settlement of all claims brought on behalf of the Class in the Actions, including those claims brought under Section 14(e) of the Williams Act (15 U.S.C.A. §§ 78n, 78aa).

4. Due and adequate notice of the proceedings having been provided to the members of the Class, and a full opportunity having been offered to them to participate in the Hearing, it is hereby determined that they are bound by the Order and Final Judgment (the "Judgment") entered herein.

5. The Stipulation and the terms of the Settlement as described in the Stipulation and the Notice are hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of the Class and the Company; the Parties to the Stipulation are directed hereby to consummate the Settlement in accordance with the terms and conditions set forth in the Stipulation; and the Clerk of Court is directed to enter and docket this Judgment in the Federal Action.

6. This Federal Action and the Released Claims (defined below) are hereby dismissed on the merits and with prejudice, and without costs, except as provided in the Stipulation and in paragraph 13 herein, in full and final discharge of any and all claims or obligations that were or could have been asserted in the Federal Action against the Released Parties (defined below). Defendants hereby release Plaintiffs, Plaintiffs' Counsel, Dixon, Dixon's counsel, and all members of the Class from the Defendants' Released Claims (defined below).

7. Plaintiffs and any and all Class members, for themselves and for their spouses and former spouses, partners, successors, predecessors-in-interest, and assigns, hereby shall be deemed to have, and by operation of this Judgment shall have, released and forever discharged the Released Parties from any and all Released Claims.

8. "Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (defined below), that any Plaintiff or any or all members

3

of the Class or any attorney for any member of the Class, or any of them, ever had, now have, or otherwise could, can or might assert, whether direct, derivative, individual, class, representative, legal, equitable (including, without limitation, for any breach of fiduciary duties) or of any other type, or in any other capacity, against any of the Released Parties (defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including but not limited to any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of Cost Plus), which now or hereafter are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, any of the Actions or the subject matter of any of the Actions in any court, tribunal, forum or proceeding, including, without limitation:  (a) the Merger; (b) any deliberations or negotiations in connection with the Merger, including the process of deliberation or negotiation by each of Cost Plus, BBBY, and/or Merger Sub and any of their respective officers, directors or advisors; (c) the consideration received by Class members in connection with the Merger; (d) the Recommendation Statement and Supplements or any other disclosures, SEC filings, public filings, periodic reports, press releases, proxy statements or other statements issued, made available or filed relating, directly or indirectly, to the Merger, including without limitation claims under any and all federal securities laws (including those within the exclusive jurisdiction of the federal courts); (e) the fiduciary obligations of the Released Parties (defined below) in connection with the Merger; (f) the fees, expenses or costs incurred in prosecuting, defending, or settling the Actions; or (g) any of the allegations in any complaint filed in any of the Actions; <u>provided, however</u>, that the Released Claims shall not include the right to enforce the Stipulation, the MOU, the Judgment or claims for statutory appraisal in connection with the Merger by Cost Plus stockholders who properly perfect such appraisal claims and do not otherwise waive their appraisal rights.

9. "Defendants' Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (defined below), which any of the Defendants may have or could have asserted against Plaintiffs, Plaintiffs' Counsel, Dixon, Dixon's counsel, or any member of the Class, arising out of the institution, prosecution, settlement or resolution of the Actions, <u>provided, however</u>, that "Defendants' Released Claims" shall not include the right to enforce this Stipulation, the MOU, or the Judgment.

10. "Released Parties" means, whether or not each or all of the following persons or entities were named, served with process or appeared in the Actions:  (a) Cost Plus, Joseph H. Coulombe, Clifford J. Einstein, Barry J. Feld, Mark R. Genender, Danny W. Gurr, John C. Pound, Kim D. Robbins, Fredric M. Roberts, and Kenneth T. Stevens, BBBY, Merger Sub; and (b) the respective past, present or future directors, officers, employees, partners, attorneys, financial advisors, accountants, insurers, reinsurers, principals, agents, controlling shareholders, any entity in which any Defendant has, had or will have a controlling interest, assigns, spouses, heirs, associates, related or affiliated entities, any member(s) of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, of each and all of the foregoing.

11. The Released Claims and Defendants' Released Claims include any claim that a party does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims or Defendants' Released Claims, including without limitation those which, if known, might have affected the decision to enter into the Settlement ("Unknown Claims").  With respect to any of the Released Claims, the Parties stipulate and agree that upon Final Court Approval of the Settlement, Plaintiffs shall expressly have, and each member of the Class shall be deemed to have, and by operation of the final order and judgment by the Court shall have,

5
**ORDER AND FINAL JUDGMENT**                             **CASE NO. 5:12-CV-02721-LHK**

expressly waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs, and by operation of law the members of the Class, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

12.     Plaintiffs and any and all members of the Class, for themselves and for their spouses and former spouses, partners, successors, predecessors-in-interest, and assigns, are hereby individually and severally permanently barred and enjoined from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, against any of the Released Persons, based upon, arising out of, or in any way related to or for the purpose of enforcing any Released Claim, all of which Released Claims are hereby declared to be compromised, settled, released, dismissed with prejudice and extinguished by virtue of the proceedings in the Federal Action and this Judgment.  Consistent with this paragraph, the Parties are directed to obtain the dismissal of the State Court Actions with prejudice on the merits.

1   13.     Plaintiffs' Counsel are awarded attorneys' fees in the amount of $325,234.93 and
2   expenses in the amount of $46,965.07, which sums the Court finds to be fair and reasonable.
3   Plaintiffs' Counsel's lodestar through the Preliminary Injunction hearing, dated June 25, 2012, is
4   $688,451.75.  The requested attorneys' fees of $325,234.93 represent a negative multiplier of
5   approximately .48.  However, the lodestar only includes the hours billed up to the Preliminary
6   Injunction hearing on June 25, 2012.  If Plaintiffs' Counsel included their fees after the June 25,
7   2012, hearing in their lodestar, Plaintiffs' Counsel's actual total lodestar is even greater, and thus
8   the negative multiplier is even less than .48.

9   14.     The Court also approves Plaintiffs' application for an incentive fee for Dr.
10  Ogurkiewicz in an amount of $2,800.  Cost Plus or its successor-in-interest shall cause such
11  amounts to be paid in accordance with the terms of the Stipulation.  Any Plaintiff or any other
12  member of the Class or any attorney for any member of the Class, or any of them, is hereby barred
13  from a further application for attorneys' fees or expenses in the Actions or in any other action or
14  proceeding regarding the subject matter of the Actions.

15  15.     Upon the Court's Final Court Approval of the Settlement and the satisfaction of the
16  conditions of Paragraph 16 of the Stipulation, Defendants shall be deemed to have, and by
17  operation of this Judgment shall have, fully, finally, and forever released, relinquished, and
18  discharged Plaintiffs, Plaintiffs' Counsel and each and all of the Class members, for themselves
19  and for their spouses and former spouses, partners, successors, predecessors-in-interest, and assigns,
20  from all claims based upon or arising out of the institution, prosecution, settlement or resolution of
21  the Actions.  Notwithstanding the foregoing, the Defendants and all other Released Persons shall
22  retain the right to enforce the terms of the Stipulation, the MOU and/or this Judgment.

23  16.     Neither the provisions contained in the Stipulation, the MOU and/or the Judgment,
24  nor any of the negotiations or proceedings in connection therewith, shall be deemed a presumption,
25  concession, or admission by any party to the Actions of any fault, liability, or wrongdoing, or lack
26  of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Actions, or
27  any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered,
28  received in evidence, or otherwise used by any person in the Actions or in any other action or

7
**ORDER AND FINAL JUDGMENT**                                              **CASE NO. 5:12-CV-02721-LHK**

proceeding, whether civil, criminal, or administrative, except (a) in connection with any proceeding to enforce the terms of the Settlement, the MOU and/or the Judgment or (b) as may be necessary to argue that the Stipulation, the MOU and/or Judgment has *res judicata*, collateral estoppel or other issue or claim preclusion effect.

17. The effectiveness of the provisions of this Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of Plaintiffs' Counsel's application for an award of attorneys' fees and expenses and/or an incentive award for Dr. Ogurkiewicz.

18. If Final Court Approval does not occur, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith, except Paragraphs 15 and 17 hereof and Paragraphs 10, 17, and 25 of the Stipulation, shall be null and void, and the Parties shall be returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU.

19. Without affecting the finality of this Judgment, jurisdiction is hereby retained by this Court for the purpose of protecting and implementing the Stipulation and the terms of this Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Judgment.

20. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 5, 2013

*Lucy H. Koh*
The Honorable Lucy H. Koh
United States District Court